IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON § | | |
|     TDCJ-CID #282756 § | | |
| V. § | C.A. NO. C-05-228 | |
| § | | |
| EMILY KENNEDY § | | |

**MEMORANDUM AND RECOMMENDATION ON
PLAINTIFF'S MOTIONS TO MAKE MONTHLY PAYMENTS**

Pending are plaintiff's motions to pay the civil filing fee in installments (D.E. 2, 7). For the reasons stated herein, it is respectfully recommended that his motions be denied.

### I. Jurisdiction

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

### II. Background

Plaintiff is a Texas state prisoner currently incarcerated at the Clements Unit in Amarillo, Texas. In his original complaint, plaintiff sues certain McConnell Unit officials and employees claiming that they filed false disciplinary charges against him. Plaintiff successfully challenged and invalidated the disciplinary convictions, and has attached documentation evidencing that fact. He now seeks damages against the McConnell Unit defendants for wrongful prosecution.

### III. Motions to make monthly installments

Plaintiff is an abusive litigant who is barred from proceeding *in forma pauperis* ("i.f.p."). 28 U.S.C. § 1915(g). Plaintiff acknowledges this fact, and requests instead that he be allowed to pay the full filing fee of $250.00 over time, by paying $50.00 a month. See D.E. 2, 7. Plaintiff claims that

he receives $50.00 a month from the Veterans Administration ("VA"),[1] and he proposes that he could sign the VA check over to the Clerk of the Court each month until the $250.00 is paid. He offers that this case could be immediately dismissed if he failed to pay the filing fee as proposed.

### IV. Discussion and Recommendation

The *in forma pauperis* statute, 28 U.S.C. § 1915, was substantially amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). The purpose of the PLRA was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time. See Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997); McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997). Section 1915(g) denies the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes"). Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997). The PLRA does not close the courthouse doors to prisoners who frequently file frivolous lawsuits, but rather it merely makes them pay the full ordinary filing fees sooner rather than later.[2] Medberry v. Butler, 185 F.3d 1189 (11th Cir. 1999).

Plaintiff's request to pay the civil filing fee in installments is essentially a request to proceed *in forma pauperis*, and plaintiff is clearly banned from doing so under the PLRA.[3] Moreover, plaintiff is not prohibited from saving his VA checks for five months and then paying the fee at the initiation of his suit, or paying back a loan in installments. He is no longer entitled to pay the fee in installments.

---

[1] Plaintiff failed to submit a copy of his inmate trust fund account as directed, and therefore, he has not demonstrated that he actually receives a monthly check. In addition, it is unknown whether plaintiff has pending restitution orders or prior claims against this money.

[2] There is one exception to the three strikes rule, and that is if a prisoner alleges he is under imminent danger of a serious physical injury. 28 U.S.C. § 1915(g). There is no such allegation in this case.

[3] Plaintiff has at least seven (7) strikes against him. See http://156.124.5.73/ThreeStrikes/j3.htm.

Accordingly, it is respectfully recommended that plaintiff's motions to pay the fee in installments (D.E. 2, 7) be denied.

Respectfully submitted this 16th day of June, 2005.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to FED. R. CIV. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).