IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON § | | |
| TDCJ-CID #282756 § | | |
| V. § | C.A. NO. C-05-228 | |
| § | | |
| EMILY KENNEDY § | | |

## **MEMORANDUM AND RECOMMENDATION**

This is a civil rights action filed by a state prisoner proceeding *pro se* (D.E. 1). For the reasons stated herein, it is respectfully recommended that plaintiff's action be dismissed without prejudice.

### **I. JURISDICTION**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

### **II. BACKGROUND**

Plaintiff is a Texas state prisoner currently incarcerated at the Clements Unit in Amarillo, Texas. In his original complaint, plaintiff sued certain McConnell Unit officials and employees claiming that they filed false disciplinary charges against him. See D.E. 1. Plaintiff successfully challenged and invalidated the disciplinary convictions, and has attached documentation evidencing that fact. Id. In this lawsuit, he seeks damages against the McConnell Unit defendants for wrongful prosecution.

Plaintiff sought leave to proceed *in forma pauperis* (i.f.p.). See D.E. 2. In his i.f.p. application, plaintiff admitted that he was an abusive litigant such that he was barred from proceeding i.f.p pursuant to 28 U.S.C. § 1915(g). Id. However, plaintiff proposed that he be permitted to pay the filing fee in installments. Id.

By Memorandum and Recommendation entered June 16, 2005, it was recommended that

plaintiff's motion to pay the filling fee in installments be denied. See D.E. 9. In the recommendation, it was noted that the i.f.p. statute, 28 U.S.C. § 1915, was substantially amended in 1996 by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), to require *all* prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time. See Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997); McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997). Section 1915(g) denies the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes"). Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997). The PLRA does not close the courthouse doors to prisoners who frequently file frivolous lawsuits, but rather it merely makes them pay the full ordinary filing fees sooner rather than later.[1] Medberry v. Butler, 185 F.3d 1189 (11th Cir. 1999). Because plaintiff's request to pay the civil filing fee in installments was essentially a request to proceed i.f.p., it was recommended that plaintiff's i.f.p. motion be denied and that plaintiff be required to pay the full $250.00 filing fee to proceed.

Plaintiff filed objections to the recommendation (D.E. 12). On August 24, 2005, the Court adopted the recommendation and denied plaintiff's i.f.p. application (D.E. 14).

### III. DISCUSSION

Over six weeks has passed since plaintiff's i.f.p. application was denied, yet plaintiff has still not paid the civil filing fee as required. An action may be dismissed if the plaintiff fails to prosecute it or to comply with any order of court. FED. R. CIV. P. 41(b). Without paying the fee, plaintiff's action cannot go forward. Accordingly, it is respectfully recommended that plaintiff's action be dismissed without prejudice to plaintiff re-filing his lawsuit when he is able to pay the full filing fee.

---

[1] I There is one exception to the three strikes rule, and that is if a prisoner alleges he is under imminent danger of a serious physical injury. 28 U.S.C. § 1915(g). There is no such allegation in this case.

2

Respectfully submitted this 7th day of October 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to FED. R. CIV. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (1996) (en banc).