IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | C.A. NO. C-05-228 |
| | § | |
| EMILY KENNEDY, ET AL., | § | |
|     Defendants. | § | |

### AMENDED[1] MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S MOTIONS FOR LEAVE TO FILE PLRA SUIT AND TO PROCEED *IN FORMA PAUPERIS*

#### I. Background

Plaintiff is a Texas state prisoner currently incarcerated at the Clements Unit in Amarillo, Texas. He sued certain McConnell Unit officials and employees claiming that they filed false disciplinary charges against him. Plaintiff successfully challenged and invalidated the disciplinary convictions, and sought in this lawsuit damages for wrongful prosecution.

Because plaintiff had accumulated more than three strikes pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), he was denied the opportunity to pay the filing fee in installments (D.E. 9, 19). When plaintiff failed to pay the full filing fee, final judgment dismissing his lawsuit without prejudice was entered February 21, 2006 (D.E. 20). No appeal followed. On August 21, 2006, plaintiff filed a pleading titled "motion for leave to file 28 U.S.C. § 1915 PLRA suit" along with an application for leave to proceed *in forma pauperis* (D.E. 21, 22). On January 3, 2007, plaintiff filed a motion for relief from

---

[1]The Memorandum and Recommendation is amended to add a recommendation that plaintiff's recently filed motion for relief from judgment (D.E. 23) also be denied.

judgment pursuant to FED. R. CIV. P. 60(b) (D.E. 23).  It is respectfully recommended that all motions be denied.

## II.  Applicable Law

**A.    Motion for Leave to File PLRA Suit & Motion for Relief from Judgment**

Plaintiff titled his motion a motion for leave to file a PLRA suit (D.E. 21), but because final judgment dismissing the lawsuit was entered months ago, he necessarily is requesting that the judgment be reopened.  A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b).   Ford v. Elsbury, 32 F.3d 931, 937 n. 7 (5th Cir. 1994).  If the motion is filed within ten days of entry of judgment the motion falls under Rule 59(e).  Id.  If it is filed after that, it falls under Rule 60(b).  Id.  Because plaintiff's motion was filed more than ten days after entry of final judgment, the motion will be treated as a motion for relief from judgment pursuant to FED. R. CIV. P. 60(b).  Plaintiff also filed a motion specifically requesting relief from judgment pursuant to FED. R. CIV. P. 60(b) (D.E. 23).

Rule 60(b), Federal Rules of Civil Procedure, states in pertinent part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior

>   judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .

Fed. R. Civ. P. 60(b). Plaintiff stated in his motion for leave to file a PLRA suit that he has challenged the PLRA as unconstitutional in a lawsuit against the Attorney General in Washington, D.C.; accordingly, undersigned will assume plaintiff is arguing that application of the PLRA to him in this lawsuit is unconstitutional. By citing to the Fifth Circuit's decision in <u>Randell v. Johnson</u>, 227 F.3d 300 (5th Cir. 2000), plaintiff also seems to be arguing that his claims in the lawsuit have merit; consequently the District Court must grant him an exception to the PLRA and permit him to go forward with the lawsuit. In his Rule 60(b) motion, plaintiff directly argues that application of the PLRA to him is unconstitutional.

Plaintiff's motion for leave to file a PLRA suit does not readily fit into any of the first five subdivisions of Rule 60(b). His motion for relief from judgment specifically refers to subdivision six. Subdivision six (6) permits relief from a judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). This provision is a "catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions." <u>Hess v. Cockrell</u>, 281 F.3d 212, 216 (5th Cir. 2002) (citations omitted). In order to prevail on a motion brought under subdivision (6), plaintiff must show that "extraordinary circumstances are present." <u>Id.</u> Plaintiff demonstrates no extraordinary circumstances in his motions. He merely reiterates that he disagrees with the

3

earlier judgment of the District Court denying him permission to proceed *in forma pauperis* and dismissing his case. If so, plaintiff should have timely exercised his right of appeal. Plaintiff is not permitted to use Rule 60(b) as a substitute for timely filing an appeal. Hess, 281 F.3d at 216.

In any event, the original order of the District Court denying plaintiff leave to proceed without prepayment of the filing fee was correct. The Fifth Circuit has upheld the PLRA against constitutional challenges. Carson v. Johnson, 112 F.3d 818, 821-23 (5th Cir. 1997). There is no exception in the PLRA for meritorious claims, only for claims that the plaintiff is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). There is no element of physical injury or risk of physical injury present in plaintiff's claims. Plaintiff has failed to demonstrate that he is entitled to relief from judgment.

Finally, plaintiff has never been denied the right to proceed with his lawsuit. He simply must prepay the full filing fee before he may proceed. The dismissal in this case was without prejudice, and plaintiff may re-file the lawsuit at any time, as long as the current filing fee of $350 accompanies the lawsuit.

**B.     Motion for Leave to Procced *In Forma Pauperis***

Because plaintiff is not entitled to relief from judgment, his motion for leave to proceed *in forma pauperis* (D.E. 22) is moot, and should be denied as such.

### III.  Recommendation

Based on the foregoing, it is respectfully recommended that plaintiff's "motion for leave to file 28 U.S.C. § 1915 PLRA Suit," treated as a motion for relief from judgment

pursuant to FED. R. CIV. P. 60(b) (D.E. 21), be denied, that plaintiff's motion for relief from judgment pursuant to FED. R. CIV. P. 60(b) (D.E. 23) be denied, and that plaintiff's motion for leave to proceed *in forma pauperis* (D.E. 22) be denied as moot.

Respectfully submitted this 5th day of January, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).