IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON § | | |
| TDCJ-CID #282756 § | | |
| V. § | C.A. NO. C-05-228 | |
| § | | |
| EMILY KENNEDY, ET AL. § | | |

**ORDER DENYING MOTION REQUESTING
ATTORNEY GENERAL TO SUE PLAINTIFF**

By Memorandum and Opinion Order (D.E. 19) and Final Judgment (D.E. 20) entered February 19, 2006, plaintiff's motion to proceed *in forma pauperis* was denied and this civil rights action was dismissed without prejudice. Plaintiff, a three strikes litigant as that term is defined in 28 U.S.C. § 1915(g), was advised that he could refile his case seeking damages for unconstitutional disciplinary convictions that had been set aside, when he was able to pay the full filing fee. (See D.E. 19 at 2).

On August 21, 2006, plaintiff filed a "motion for leave to file a PLRA lawsuit." (D.E. 21). The motion was construed as motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, (D.E. 25), and on February 1, 2007, the motion was denied. (D.E. 26).

On May 19, 2008, plaintiff filed a motion requesting that the Court order the Attorney General to sue him and to garnish his funds so that the filing fee for this action could be paid. Plaintiff's request is frivolous and unnecessary. Plaintiff is well aware that he can authorize the release of *unencumbered* funds by submitting a request to the TDCJ financial officer at his unit. Plaintiff admits that he is reluctant to authorize the deposit of his VA checks into his inmate trust fund account because "they would take it all each month." (See D.E. 2 at 2).

Plaintiff does not indicate who "they" are or what outstanding restitution, child support, or other payments he might owe. Regardless, if plaintiff is astute enough to avoid mandatory payments that would automatically be withdrawn from his inmate trust fund account, he is obviously capable of coordinating the payment of the filing fee for this action without involving the Attorney General and a garnishment action. Accordingly, plaintiff's motion (D.E. 28) is DENIED.

Plaintiff is advised further that this case is CLOSED, and he is instructed to refrain from filing frivolous pleadings in this closed action, or sanctions may be warranted.

ORDERED this 18th day of June, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE